UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Christian Paul C., | Case No. 24-cv-772 (ECT/DTS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Martin O'Malley,<br>*Commissioner of Social Security*, | |
| Defendant. | |

## INTRODUCTION

Claimant Christian C. applied for supplemental security income in August 2021. Admin. Rec. 15, 219–21, Dkt. No. 7. His claim was denied initially, upon reconsideration, and after a hearing before an Administrative Law Judge (ALJ). *Id.* at 15–28, 57–64, 77–84. The Appeals Council declined Claimant's subsequent request to review the ALJ's unfavorable ruling, making it the final decision of the Commissioner of Social Security. *Id.* at 1. Claimant filed this action on March 5, 2024. Compl. Jud. Rev. Dec. Comm'r Soc. Sec. 2, Dkt. No. 1.

Claimant argues the ALJ erred in two ways: (1) failing to appropriately address supportability and consistency factors in evaluating Dr. Van Noord's medical opinion, and (2) improperly evaluating Claimant's residual functional capacity (RFC). Pl.'s Br. 8–15, Dkt. No. 9. Because the ALJ properly analyzed the supportability and consistency of Dr. Van Noord's opinion, and substantial evidence supports the RFC determination, the Court recommends that the ALJ's decision be affirmed.

## BACKGROUND

**I.     Procedural History**

Claimant filed for supplemental security income in August 2021 under Title XVI of the Social Security Act, alleging disability due to autism spectrum disorder (ASD) and depression. *Id.* at 15, 219–21. After the Social Security Administration denied his claim initially and on reconsideration, he requested a hearing before an ALJ. *Id.* at 57–64, 77–84, 133–34.

The ALJ employed the familiar five-step sequential evaluation process in finding claimant not disabled. 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ determined Claimant had not engaged in substantial gainful activity since he applied for benefits. Admin. Rec. 18, Dkt. No. 7. At step two, the ALJ determined Claimant had the severe impairments of major depressive disorder and ASD. *Id.* At step three, the ALJ determined Claimant's impairments did not meet or equal a listed impairment. *Id.* Claimant does not challenge the ALJ's findings at steps 1–3. Pl.'s Br. 8–15, Dkt. No. 9. At step four, the ALJ determined Claimant had the RFC to perform work at all exertional levels but was limited to occasional changes in work setting, no public interaction, brief and superficial interaction with superiors and coworkers, and no rapid, assembly-line paced work. *Id.* at 22. Since Claimant had no relevant past work, the analysis proceeded to step five, at which the ALJ determined Claimant could perform jobs existing in significant number in the national economy, including merchandise maker, collator operator, and router. *Id.* at 27–28. As a result, the ALJ denied Claimant's claim for supplemental security income. *Id.* at 28.

Claimant appealed the ALJ's decision to the Appeals Council, which declined review. *Id.* at 1. Claimant now seeks judicial review under 42 U.S.C. § 405(g), requesting reversal or remand for further proceedings. Compl. Jud. Rev. Dec. Comm'r Soc. Sec. 1–2, Dkt. No. 1; Pl.'s Br. 1, Dkt. No. 9.

## II.     Standard of Review

Under the Social Security Act, disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A claimant bears the burden of proving his or her disability. *See* 20 C.F.R. § 404.1512(a)(1); *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013).

This Court has authority to affirm, modify, or reverse the Commissioner of Social Security's decision with or without remand. 42 U.S.C. § 405(g). This Court must affirm the Commissioner's decision if its findings of fact are supported by substantial evidence in the record as a whole and are not based on legal error. *Id.*; *see also Chismarich v. Berryhill*, 888 F.3d 978, 979 (8th Cir. 2018).

### A.     Substantial Evidence

An ALJ's decision must be based on substantial evidence. Substantial evidence is what "a reasonable mind would find . . . adequate to support the conclusion." *Chismarich v. Berryhill*, 888 F.3d 978, 979 (8th Cir. 2018) (quoting *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010)). This is not a high bar. While substantial evidence is "more than a mere scintilla," *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)), it is "less than a preponderance," *Chismarich*,

888 F.3d at 979 (quoting *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010)). A court must affirm the ALJ's decision if it is reasonable, even if the record could support another inconsistent conclusion. *Cuthrell v. Astrue*, 702 F.3d 1114, 1116 (8th Cir. 2013). In evaluating whether substantial evidence exists, a court considers evidence both supporting and undermining the ALJ's findings. *Id.*

### B.     Supportability and Consistency

In determining a claimant's RFC, the ALJ must consider all medical opinions and prior administrative medical findings to determine their persuasiveness. 20 C.F.R. § 404.1520c(a). In his decision, the ALJ must articulate the factors he used to evaluate the persuasiveness of each medical source. 20 C.F.R. § 404.1520c(b). At a minimum, the ALJ must consider the opinion's supportability and consistency. *Id.* § 404.1520c(b)(2). Supportability focuses on the source itself. The more a source's objective evidence and explanations support a medical opinion, the more persuasive the opinion. *Id.* § 404.1520c(c)(1). Consistency compares a source to the record as a whole. The more consistent the opinion is with evidence from other sources, both medical and nonmedical, the more persuasive the opinion is. *Id.* § 404.1520c(c)(2).

The failure to consider supportability and consistency of a medical source's opinions is legal error. *See Lucas v. Saul*, 960 F.3d 1066, 1070 (8th Cir. 2020). There are no magic words an ALJ must use to show he considered supportability and consistency— he must simply demonstrate that he did so. *See Mario O. v. Kijakazi*, No. 21-cv-2469, 2022 WL 18157524, at *11 (D. Minn. Dec. 13, 2022), *R. & R. adopted*, No. 21-cv-2469, 2023 WL 136590 (D. Minn. Jan. 9, 2023) ("No talismanic language is required for the ALJ to meet the requirements of § 404.1520c . . .").

4

## ANALYSIS

I. The ALJ's Assessment of Dr. Van Noord's Medical Opinion

Claimant submitted two medical opinions supporting his claim for social security benefits—one each from Dr. Kimberly Klein and Dr. Robert Van Noord. Admin. Rec. 333–43, 372–78, Dkt. No. 7. In his opinion, Dr. Van Noord expressly relied on Dr. Klein's report. *Id.* at 373–78.

Dr. Klein conducted a neuropsychological evaluation on Claimant in December 2020, assessing his level of functioning, areas of difficulty, and needs for intervention. *Id.* at 333. As part of her assessment, Dr. Klein administered a series of tests including the Wechsler Adult Intelligence Scale, Fourth Edition (WAIS-IV) and the Wechsler Memory Scale-IV (WMS-IV), showing Claimant's intelligence was in the high average range and his memory ranged from average to excellent. *Id.* at 336–38. At the same time, Dr. Klein also reported Claimant had extremely low adaptive skills and lacked certain executive abilities. *Id.* at 339, 341. Dr. Klein diagnosed Claimant with ASD and Other Specified Depressive Disorder, ultimately opining that Claimant would benefit from therapy, support in activities of daily living, county case management services, and vocational rehabilitation. *Id.* at 342.

Dr. Van Noord interviewed Claimant to evaluate his mental status and activities of daily living in December 2021. *Id.* at 372. In conjunction with his own observations, Dr. Van Noord also considered Dr. Klein's report. *Id.* at 373–78. Dr. Van Noord concurred with Dr. Klein's diagnoses. *Id.* at 378. He determined that Claimant could understand reasonably complex instructions, manage his finances, and had no cognitive deficits impairing his ability to work at least in an entry-level position. *Id.* Despite these

determinations, Dr. Van Noord opined that Claimant's symptoms would significantly impair his ability to function in a work setting, and that structure and support—such as a job coach and personally-tailored schedule and tasks—would be necessary for Claimant to succeed in the workplace. *Id.*

The ALJ concurred with Dr. Van Noord's diagnoses and determinations that Claimant could understand reasonably complex instructions, manage his finances, and had no cognitive deficits impairing his ability to work at least in an entry-level position. Admin. Rec. 25, Dkt. No. 7. The ALJ found these findings persuasive and "supported by the claimant's lack of mental health treatment, largely unremarkable MSE findings, WAIS-IV and WMS-IV testing results, and [Claimant's] relatively robust activities of daily living." *Id.*

The ALJ was not persuaded by Dr. Van Noord insofar as he found that certain ASD-related skills deficits significantly interfered with Claimant's ability to work and recommended mild but definite structures and supports to keep a job. *Id.* The ALJ explained he did not find this aspect of Dr. Van Noord's opinion persuasive because:

> It is not supported by the claimant's lack of involvement in mental health treatment and/or his largely unremarkable MSE findings. It is also not supported by the claimant's many years of coaching high school basketball with no accommodations, job coaching, or Schule [sic] and work tasks tailored to his tolerances and needs. Further, the claimant presented as pleasant and cooperative during his interview with Dr. Van Noord.

*Id.*

Claimant argues the ALJ erred by (1) neglecting to assess the supportability and consistency of Dr. Van Noord's opinion in relation to Dr. Klein's report and (2) basing his rejection of Dr. Van Noord's opinion on a cherry-picked sample of the evidence in the

6

record. Pl.'s Br. 10–12, Dkt. No. 9. The first argument asserts the ALJ made an error of law, while the second asserts the ALJ's assessment of Dr. Van Noord's opinion was not based on substantial evidence. Neither is persuasive.

### A.     Supportability

An ALJ considers the supportability of a medical opinion by assessing how relevant the objective medical evidence and explanations in the source are to the conclusions in the opinion. *See* 20 C.F.R. § 404.1520c(c)(1). In other words, the ALJ analyzes how a source's own data and reasoning supports its ultimate opinions. Here, the ALJ identified objective medical evidence within Dr. Van Noord's report in assessing its persuasiveness. In explaining why he found certain portions of Dr. Van Noord's report unpersuasive, the ALJ cited to Claimant's lack of mental health treatment, mental status evaluations (MSEs), experience coaching basketball, and demeanor during the interview. Admin. Rec. 25, Dkt. No. 7. In explaining why he found certain portions of Dr. Van Noord's report persuasive, the ALJ cited to Claimant's lack of mental health treatment, MSE findings, WAIS-IV testing results, and activities of daily living. *Id.* Throughout his opinion, the ALJ discussed each of these pieces of data in the context of Dr. Van Noord's report. *Id.* at 19–21 (discussing MSEs, WAIS-IV, and activities of daily living at page 19, demeanor and coaching experience at page 20, and a lack of mental health treatment at page 21). In sum, the ALJ clearly addressed the supportability of Dr. Van Noord's opinion when assessing its persuasiveness.

Claimant argues the ALJ failed to address the supportability of Dr. Van Noord's opinion by neglecting to discuss how Dr. Klein's report supported Dr. Van Noord's opinion, Pl.'s Br. 10–11, Dkt. No. 9, but this argument is misplaced. An ALJ considers the

7

supportability of an opinion by evaluating the evidence in that opinion—not by evaluating evidence from a separate medical opinion. *See* 20 C.F.R. § 404.1520c(c)(1). This critique is thus properly analyzed with respect to the ALJ's consistency evaluation. Therefore, the ALJ properly considered the supportability of Dr. Van Noord's opinion by identifying objective medical evidence contained in that report when assessing the opinion's persuasiveness.

### B.     Consistency

An ALJ considers the consistency of a medical opinion by evaluating how it aligns with other sources in the record, both medical and non-medical. *See id.* § 404.1520c(c)(2). The more an opinion aligns with evidence from other sources, the more persuasive it will be. *Id.* Although the ALJ's explicit statements about the consistency of Dr. Van Noord's opinion with the record are minimal, "[t]he ALJ's brevity is not reversible error." *Grindley v. Kijakazi*, 9 F.4th 622, 631 (8th Cir. 2021). Rather, the only requirement is that the ALJ's reasoning is "clear enough to allow for appropriate judicial review." *Id.* (quoting *Sloan v. Saul*, 933 F.3d 946, 951 (8th Cir. 2019)). Here, the ALJ articulated his analysis of the consistency of Dr. Van Noord's opinion in two ways.

First, the ALJ explicitly considered medical evidence extrinsic to Dr. Van Noord's report. In articulating why he found certain aspects of Dr. Van Noord's opinion persuasive, the ALJ specifically referenced the WMS-IV testing not discussed in Dr. Van Noord's report. *See id.* at 372–78.

Second, the entirety of the ALJ's opinion demonstrates he evaluated the consistency of Dr. Van Noord's opinion with other medical and non-medical evidence in the record. The ALJ explicitly identified Claimant's lack of mental health treatment, largely

unremarkable MSE findings, WAIS-IV testing results, relatively robust activities of daily living, and high school coaching without accommodations or a job coach. *Id.* at 25. This information, though mentioned in Dr. Van Noord's report, is also found in other sources in the record (*id.* at 20–21, 23–24) and therefore is appropriate to consider in evaluating consistency. The ALJ's express consideration of this information establishes that he properly assessed the consistency of Dr. Van Noord's opinion with the record as a whole.

While Claimant argues the ALJ failed to address the consistency of Dr. Van Noord's opinion by neglecting to expressly assess its consistency with Dr. Klein's evaluation, Pl.'s Br. 10–11, Dkt. No. 9, this argument fails. The ALJ expressly referenced WMS-IV testing from Dr. Klein's report when evaluating the persuasiveness of Dr. Van Noord's report. Admin. Rec. 19, 25, Dkt. No. 7. The ALJ discussed Dr. Klein's report on Claimant's activities of daily living, failure to seek mental health treatment, experience coaching basketball, and intellectual abilities. *Id.* at 20–21, 23. The ALJ cites to all of this information in evaluating the persuasiveness of Dr. Van Noord's opinion, and thus demonstrates he in fact considered the consistency of Dr. Van Noord's opinion with, among other information, Dr. Klein's opinion.

### C. Substantial Evidence Supporting Dr. Van Noord's Opinion

Claimant argues the ALJ based his evaluation of Dr. Van Noord's opinion on a "misleading and highly selective reading of the other evidence." Pl.'s Br. 11, Dkt. No. 9. In essence, Claimant maintains the ALJ's assessment of Dr. Van Noord's opinion was not based on substantial evidence. Substantial evidence exists where "a reasonable mind might accept the evidence as adequate to support the Commissioner's conclusion." *Nolen v. Kijakazi*, 61 F.4th 575, 577 (8th Cir. 2023). Claimant's argument fails because even if

the record could support a different conclusion, the record contains sufficient evidence to adequately support the ALJ's evaluation of Dr. Van Noord's opinion.

Here, the ALJ was not persuaded by Dr. Van Noord's view that Claimant exhibited ASD-related deficits that would significantly interfere with his ability to interact with others and maintain gainful employment, thus warranting accommodations such as a job coach and a personalized schedule. Admin. Rec. 25, Dkt. No. 7. Evidence throughout the record supports the ALJ's position.

Evidence in the record shows Claimant maintained employment without accommodations. Although Claimant received numerous complaints about his behavior while coaching high school basketball, he held the coaching job for five seasons—two as an assistant coach, three as a head coach. *Id.* at 374, 458. The record also suggests Claimant has a high degree of intelligence. *See e.g., id.* at 340 (discussing test results from intellectual evaluations). Claimant is well-educated and earned his bachelor's degree and master's degree. *Id.* at 44. He testified, "School has always been pretty easy for me if I enjoy the subjects." *Id.* Further, there is evidence that Claimant does not require the accommodations Dr. Van Noord suggests. While Dr. Van Noord recommended structured job supports for Claimant, Dr. Klein did not. Admin. Rec. 342, 378, Dkt. No. 7. The ALJ acknowledged Claimant had interpersonal problems while coaching and that Dr. Van Noord recommended structured supports, which demonstrates he considered evidence that detracts from his decision. *Id.* at 19, 21. The evidence in the record as a whole provides adequate support for the ALJ's assessment of Dr. Van Noord's opinion.

The ALJ's assessment of Dr. Van Noord's opinion is not the result of improperly cherry-picking the record.

## II.  RFC Determination

Claimant argues "[t]he uncontroverted evidence in this record demonstrates [Claimant] has long received and required significant financial assistance from his family to maintain his activities of daily living," and that the ALJ erred in his RFC determination by "willfully disregard[ing] or downplay[ing] the necessity for or existence of these significant family supports." Pl.'s Br. 13, Dkt. No. 9. Claimant essentially argues the ALJ should have found Claimant's dependence on family to warrant greater accommodations. Whether an ALJ could have found Claimant more limited is irrelevant so long as substantial evidence supports the RFC determination. *See Cuthrell v. Astrue*, 702 F.3d 1114, 1116 (8th Cir. 2013).

Substantial evidence exists here. The ALJ determined Claimant had the RFC to work at all exertional levels but was limited to occasional changes in work setting, no public interaction, brief and superficial interaction with supervisors and coworkers, and no rapid assembly-line paced work. Admin. Rec. 22, Dkt. No. 7. Though evidence in the record indicates Claimant struggled with interpersonal interactions in the workplace, *see e.g. id.* at 458 (hence the limitations expressed in the RFC), he maintained the ability to be independent in other areas of daily life. For example, Claimant lived alone at the time of the hearing. *Id.* at 39. He could grocery shop for non-heavy items on his own. *Id.* at 41. Dr. Van Noord found him capable of independently managing his own finances. *Id.* at 378. Claimant successfully completed advanced degrees without academic accommodations and worked for several years as a basketball coach without workplace

11

accommodations related to his familial support. *See e.g.*, *id.* 374, 458–59 (noting academic and work history without mentioning accommodations). Even if another ALJ could have found Claimant to be more functionally limited, there is substantial evidence in the record to support the ALJ's RFC determination. The ALJ did not err.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS that:

1. Plaintiff's request to reverse or remand the Commissioner's decision [Dkt. No. 9] be **DENIED**.

2. Defendant's request to affirm the Commissioner's decision [Dkt. No. 13] be **GRANTED**.


Dated: September 30, 2024           \_\_s/David T. Schultz\_\_\_\_
                                    DAVID T. SCHULTZ
                                    U.S. Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).